UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| KIM JUSTICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 7:19-cv-00051-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| LOWE'S HOME CENTERS, LLC; JAMES | ) | **MEMORANDUM OPINION** |
| LITTLE; and UNKNOWN EMPLOYEES OF | ) | **&** |
| THE DOORS & WINDOWNS DEPARTMENT | ) | **ORDER** |
| OF PIKEVILLE LOWE'S RETAIL STORE, | ) | |
| | ) | |
| Defendants. | | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court upon the Motion for Remand filed by Plaintiff Kim Justice. There is not complete diversity in this case. Nevertheless, Defendants removed this matter pursuant to 28 U.S.C. § 1441. They argue that jurisdiction is proper because the non-diverse parties were fraudulently joined by the plaintiff in order to defeat diversity jurisdiction. The Court disagrees. For the following reasons, Plaintiff's Motion to Remand [R. 4] is GRANTED.

**I**

On June 16, 2018, Plaintiff Kim Justice traveled to his local Lowe's Home Improvement store in Pikeville, Kentucky to purchase a door. [R. 1-1 at ¶ 7.] The shopping trip did not go as expected. Mr. Justice alleges that he was severely injured when, as a result of the negligence of the Defendants, he was struck by a falling door. *Id.* at ¶ 10. Mr. Justice filed suit in Pike County Circuit Court against Defendants Lowe's Home Centers, LLC, James Little, and certain

Unknown Employees of the Doors & Windows Department (hereinafter "Unknown Employees").[1]  Mr. Justice contends that his injuries are the direct and proximate result of the Defendants' negligence.  According to the complaint, the Defendants "permitted an unreasonably unsafe hazard or condition to exist upon the premises . . . when it failed to secure doors on the shelves or left unattended unsecured doors on the shelves without a posted notice or warning[.]"  *Id.*  Mr. Justice believes that "the Unknown Employees . . . improperly stocked, positioned, and/or replaced the door that fell onto [him]." *Id.* at ¶11.  The complaint also accuses James Little and the Unknown Employees of "creating an unreasonable risk of harm to customers of the store and fail[ing] to otherwise exercise due care."  *Id.* at 17.

Also in the complaint, Mr. Justice admits that the damages sought exceed $75,000, but maintains that the case is not removable because "no diversity of citizenship exists pursuant to 28 U.S.C. §1332."  [R. 1-1 at ¶ 6.]  Nevertheless, Defendants filed a Notice of Removal in July 2019, arguing that this Court could properly take jurisdiction because the non-diverse defendants, James Little and (presumably) the Unknown Employees, were fraudulently joined in order to defeat diversity jurisdiction.  [R. 1 at 4.]  Lowe's argues that James Little cannot be held liable for Mr. Justice's injuries because "[a] general 'duty' for store managers, simply by virtue of their title as 'store manager,' does not exist under Kentucky law."  [R. 1 at 3.]

## II

### A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction.  *See* 28 U.S.C. §§ 1441, 1446.  This Court has original "diversity" jurisdiction over all civil actions when

---

[1] Plaintiff's Complaint also names Lowe's Home Improvement, LLC as a defendant.  Lowe's Home Improvement, LLC was dismissed prior to removal by agreement of the parties. [R. 1-3 at 16.]

"the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). Fraudulent joinder was created to prevent plaintiffs from asserting claims against nondiverse defendants "for the sole purpose of preventing removal." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). In order to establish fraudulent joinder, Lowe's "must present evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. If Mr. Justice's claims against James Little and the Unknown Defendants have no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Com'n*, 579 F.3d at 624 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

In Kentucky, a plaintiff must demonstrate four elements to establish negligence: duty, breach, causation, and damages. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). Therefore, the first step in proving a negligence claim is establishing a duty. Whether James Little and the Unknown Employees owed a duty to Mr. Justice is a question of law to be determined by this Court. *See id.*

In the context of premises liability, the property possessor "has a general duty to maintain the premises in a reasonably safe manner; and the scope of that duty is outlined according to the status of the plaintiff." *Smith v. Smith*, 563 S.W.3d 14, 16 (Ky. 2018) (quoting *Shelton v. Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 909 n.28 (Ky. 2013)). The parties agree that Lowe's Home Center, LLC is the "possessor" in this case for premises liability purposes, and that Mr. Justice was an invitee. [R. 4-1 at 7–9; R. 6 at 7.] Therefore, Lowe's had a duty to Mr. Justice to "discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Grubb v. Smith*, 523 S.W.3d 409. 422 (Ky. 2017). In agreement on those points, the parties spend considerable briefing debating whether James Little, as manager of the Lowe's, had "sufficient control over the premises to remedy the premises' alleged defect," such that he is also a "possessor" of the building for purposes of premises liability, and therefore liable in the same way and to the same extent as Lowe's for Mr. Justice's injuries. *Grubb*, 523 S.W.3d at 425. They do so unnecessarily.

In fact, whether James Little is a "possessor" doesn't matter at all, because "Kentucky law has long recognized that an employee who, in the course of employment, breaches his or her independent tort duty to a third-party can be held liable for resulting injuries." *Grubb*, 523 S.W.3d at 426. That is because Kentucky law establishes a "universal duty" to act with ordinary

care. *Shelton*, 413 S.W.3 at 908. And while "it has *never* been the law in Kentucky that, outside a small number of exceptions, one has a duty . . . to protect others from dangerous conditions one has not caused or created," here, Mr. Justice alleges that Little and the Unknown Employees did create the condition. *Grubb*, 523 S.W3d at 426.

In *Grubb v. Smith*, a case cited heavily by both parties, plaintiff Grubb sued the manager of the Speedway gas station, Smith, after she tripped in "an eroded patch of asphalt,"— in common parlance, a pothole. 523 S.W.3d at 412. It was never alleged that Smith had created the pothole, and so the question was whether the Smith had the same duty as a land possessor to repair or warn invitees of the pothole by virtue of her title as store manager. *Id.* at 425–26. Because she did not create the pothole, Smith could only be held liable—if at all—under a theory of premises liability, *i.e.*, if she had a duty to repair or warn. But even the *Grubb* court acknowledged that "[h]ad [defendant] somehow *caused* the hole in the Speedway lot that tripped [plaintiff], then her potential liability for having done so, for having breached her 'universal duty' to act with care toward others, would be clear." *Id.* at 426 (emphasis added).

Such is the case here. Unlike the plaintiff in *Grubb*, Mr. Justice has specifically alleged James Little and the Unknown Employees "created an unreasonable risk of harm" when they "failed to secure doors on the shelves" and "improperly stocked, positioned, and/or replaced the door that fell onto Plaintiff, Kim Justice." [R. 1-1 at ¶¶ 10–11, 17.] It is unnecessary for this Court to reach the question of whether or not James Little was also a possessor of the Lowe's Door and Window Department. Mr. Justice has alleged a colorable claim for simple negligence.

### III

Under Kentucky law, Lowe's store manager James Little and the Unknown Employees have a duty, independent of their status as employees, to warn others of dangerous conditions

5

that they create. And although Lowe's argues "[t]his independent, direct negligence claim is not the type of claim alleged in Plaintiff's complaint," the Court disagrees. If, as Mr. Justice pleads, these defendants created an unreasonably unsafe condition in the way they shelved the doors, then they may be held liable for his injuries. Mr. Justice's claim against them is colorable, and as such they have not been fraudulently joined. Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion to Remand **[R. 4]** is **GRANTED**;

2. This action is **REMANDED** in its entirety to Pike Circuit Court from which it was removed; and

3. This matter is **STRICKEN** from the Court's active docket.

This the 25th day of November, 2019.

Gregory F. Van Tatenhove
United States District Judge